COHEN KINNE VALICENTI & COOK LLP
David Valicenti (*pro hac vice*)
 *dvalicenti@cohenkinne.com*
Christopher M. Hennessey (*pro hac vice*)
 *chennessey@cohenkinne.com*
28 North Street, 3rd Floor
Pittsfield, Massachusetts 01201
Telephone: (413) 443-9399
Facsimile: (413) 442-9399

BLECHER COLLINS PEPPERMAN & JOYE, P.C.
Maxwell M. Blecher (State Bar No. 26202)
 *mblecher@blechercollins.com*
Kristen M. Peters (State Bar No. 252296)
 *kpeters@blechercollins.com*
515 South Figueroa Street, Suite 1750
Los Angeles, California 90071-3334
Telephone: (213) 622-4222
Facsimile: (213) 622-1656

Attorneys for Defendant
BOSTON SYMPHONY ORCHESTRA, INC.

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| VISIONS OF AMERICA, LLC, a California limited liability company,<br><br>                Plaintiff,<br><br>        v.<br><br>BOSTON SYMPHONY ORCHESTRA, INC., a Massachusetts nonprofit corporation,<br><br>                Defendant. | Case No. CV 13-4355 PA (JEMx)<br><br>**DEFENDANT BOSTON SYMPHONY ORCHESTRA, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR ALTERNATIVELY TO DISMISS FOR IMPROPER VENUE OR TRANSFER VENUE**<br><br>Judge: Hon. Percy Anderson<br><br>Date:            October 28, 2013<br>Time:           1:30 P.M. |

# Table of Contents

I. Introduction …………………………………………………………………......1

II. The Allegations in the Complaint……………………………………….….….2

III. Jurisdictional Facts……………………………………………….…………...3

    A. The BSO's Contacts with California……………………….….……..3

    B. The Agreement…………………...……………………………….…..4

IV. Argument…………………………………………………………….………6

    A. Standard…………………………………………………………...…..6

    B. There Is No General Jurisdiction Over the BSO in California……..…...7

    C. There Is No Specific Jurisdiction over the BSO………………………10

    D. Venue…………………………………………………………………..12

        i. Dismissal For Improper Venue or Transfer Pursuant to
        28 U.S.C. §1406(a)……………………………………………………14

        ii. The Court Should Transfer this Case to the District of Massachusetts
        Pursuant to 28 U.S.C. §1404…..……….…………………………..14

            1. This Action Could Have Been Brought in the District of
            Massachusetts………………………………………..………...14

            2. Standard for Transfer of Venue……………………………….14

            3. The Agreement Was Negotiated In Massachusetts…….……..15

            4. Massachusetts Law Applies to this Contract Dispute…..……..15

            5. The Majority of the Key Witnesses and Evidence Is in
            Massachusetts and Compulsory Process Is Not Available to Non-
            Party Witnesses…………………………………….…………16

6. Plaintiff's Choice of Forum Is not Dispositive Because Plaintiff has No Contacts Relating to its Cause of Action in the Chosen Forum……………………………………………………………………..18

7. Judicial Economy Favors Transferring this Case to Massachusetts…………………………………………………….19

V. Conclusion…………………………………………………………………..20

Blecher Collins Pepperman & Joye

## Table of Authorities

**Cases**

*Allstar Mktg. Group, LLC v. Your Store Online, LLC,*
666 F.Supp.2d 1109 (C.D.Cal. 2009) .................................................................. 15

*Alltrade. Inc., v. Uniweld Products, Inc.*,
946 F.2d 622 (9th Cir.1991) ................................................................................ 19

*Amba Mktg. Sys., Inc. v. Jobar Int'l, Inc.*,
551 F.2d 784 (9th Cir. 1977) ................................................................................ 6

*Amoco Egypt Oil Co. v. Leonis Navigation Co.,* '
F.3d 848 (9th Cir. 1993) ....................................................................................... 7

*B & B Hardware, Inc. v. Hargis Industries, Inc.*,
2006 WL 4568798 (C.D.Cal. 2006) ................................................................... 18

*Bancroft & Masters, Inc. v. Augusta Nat. Inc.*
223 F.3d 1082 (9th Cir. 2000) ......................................................................... 7, 10

*Boschetto v. Hansing*, 539
F.3d 1011 (9th Cir. 2008) ..................................................................................... 6

*Brady v. Conseco, Inc.*,
2009 WL 2356201 (N.D.Cal. 2009) ..................................................................... 9

*Brand v. Menlove Dodge*,
796 F.2d 1070 (9th Cir. 1986) ............................................................................ 10

*Burger King Corp. v. Rudzewicz*,
471 U.S. 462 (1985) ............................................................................................ 12

*CollegeSource, Inc. v. AcademyOne, Inc.*
653 F.3d 1066 (9th Cir. 2011) .............................................................................. 9

*Congoleum Corp. v. DLW Aktiengesellschaft*,
729 F.2d 1240 (9th Cir.1984) ............................................................................... 9

*Data Disc, Inc. v. Sys. Tech. Assocs., Inc.*,
557 F.2d 1280 (9th Cir. 1977) .............................................................................. 6

*Decker Coal Co. v. Commonwealth Edison, Co.*, 805
F.2d 834 (9th Cir.1986) ...................................................................................... 15

*Doe v. Unocal Corp.*,
248 F.3d 915 (9th Cir. 2001) ................................................................................ 6

*Eliminator Custom Boats v. American Marine Holdings, LLC*,
2006 WL 4941830 (C.D.Cal. 2006) ..................................................................... 9

*Focht v. Sol Melia S.A.*,
2012 WL 162564 (N.D. Cal. 2012) ...................................................................... 9

*Frontier Oil Corp. v. RLI Ins. Co.*,
  53 Cal.App.4th 1436, 63 Cal.Rptr.3d 816 (Cal.Ct.App.2007) ............................... 16

*Gates Learjet Corp. v. Jensen*,
  43 F.2d 1325 (9th Cir. 1984) ....................................................................................... 8

*Gator.com Corp. v. L.L. Bean, Inc.*,
  41 F.3d 1072 (9th Cir. 2003) .................................................................................. 7, 8

*Gill v. Simpson*,
  2012 WL 4863808 (E.D.Cal. 2012) ....................................................................... 19

*Global Decor, Inc. v. Cincinnati Ins. Co.*
  2011 WL 2437236 (C.D.Cal. 2011) ....................................................................... 18

*Hanson v. Denckla*,
  357 U.S. 235 (1958) ................................................................................................ 12

*Heley v. Spencer*,
  2010 WL 669220 (C.D.Cal. 2010) ......................................................................... 15

*Helicopteros Nacionales de Colombia, S.A. v. Hall*,
  466 U.S. 408 (1984) ................................................................................................ 15

*Injen Tech. Co. Ltd. v. Advanced Engine Mgmt.*,
  270 F.Supp.2d 1189 (S.D.Cal. 2003) ....................................................................... 9

*Int'l Shoe Co. v. Washington*,
  326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945) ...................................................... 6

*Johnson v. Zepp*
  2010 WL 5116697 (C.D.Cal. 2010) ....................................................................... 18

*Jones v. GNC Franchising, Inc.*,
  211 F.3d 495 (9th Cir. 2000) ................................................................................... 15

*King v. Am. Family Mut. Ins. Co.*,
  632 F.3d 570 (9th Cir. 2011) ..................................................................................... 7

*Lou v. Belzberg*,
  834 F.2d 730 (9th Cir. 1987) ................................................................................... 18

*LP Digital Solutions v. Signifi Solutions, Inc.*,
  2013 WL 425091 (C.D.Cal. 2013) ......................................................................... 10

*Mavrix Photo, Inc. v. Brand Technologies, Inc.*
  647 F.3d 1218 (9th Cir. 2011) ................................................................................... 9

*Narayan v. EGL, Inc.*
  616 F.3d 895 (9th Cir. 2010) ................................................................................... 15

*Pac. Car & Foundry Co. v. Pence*,
  403 F.2d 949 (9th Cir.1968) .................................................................................... 18

DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION, OR TO DISMISS FOR IMPROPER VENUE OR TRANSFER VENUE


*Pebble Beach Co. v. Caddy*,
  453 F.3d 1151 (9th Cir. 2006) .................................................................................... 6

*Perkins v. Benguet Consolidated Mining Co.*,
  342 U.S. 437 (1952) ..................................................................................................... 8

*Schwarzenegger v. Fred Martin Motor Co.*,
  374 F.3d 797 (9th Cir. 2004) .............................................................................. 6, 7, 10

*Shute v. Carnival Cruise Lines*,
  897 F.2d 377 (9th Cir. 1990) ....................................................................................... 9

*Shute v. Carnival Cruise Lines*,
  499 U.S. 585, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991) ............................................ 9

*Stewart Org., Inc. v. Ricoh Corp.*,
  487 U.S. 22 (1988) ..................................................................................................... 14

*World-Wide Volkswagen Corp. v. Woodson*,
  444 U.S. 286 (1980) ................................................................................................... 11

*Yahoo! Inc. v. La Ligue Contre Le Racisme Et L'Antisemitisme*,
  433 F.3d 1199 (9th Cir. 2006) ..................................................................................... 7

**Statutes**

28 U.S.C. § 1332 ............................................................................................................ 14

28 U.S.C. § 1391 ............................................................................................................ 13

28 U.S.C. § 1391(b) ....................................................................................................... 13

28 U.S.C. § 1391(b)(1) ............................................................................................. 13, 14

28 U.S.C. § 1391(b)(2) ................................................................................................... 14

28 U.S.C. § 1391(b)(3) ................................................................................................... 14

28 U.S.C. § 1404 ..................................................................................................... 1, 2, 14

28 U.S.C. § 1404(a) ....................................................................................................... 14

28 U.S.C. § 1406(a) ............................................................................................ 1, 2, 12, 13

California Civil Code § 1646 ........................................................................................ 16

**Rules**

Federal Rule of Civil Procedure 12(b)(2) .................................................................. 1, 8

Federal Rule of Civil Procedure 12(b)(3) ................................................................. 1, 12

Blecher Collins Pepperman & Joye

Defendant Boston Symphony Orchestra, Inc. (the "BSO") submits this memorandum of points and authorities in support of its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, or in the alternative, to dismiss pursuant to Rule 12(b)(3) for improper venue or to transfer venue to the District of Massachusetts, pursuant to 28 U.S.C. §§ 1404 or 1406(a).

## I.   Introduction

Plaintiff Visions of America, LLC ("Plaintiff") alleges that the Court has general jurisdiction over the BSO based on a claim that the BSO "directs substantial and pervasive activities at the residents of California". Complaint ¶ 15. Contrary to this allegation, the BSO's revenue from California averaged **less than one percent** of its total revenue over the last three years. Declaration of Thomas D. May, Chief Financial Officer of the BSO ("May Dec.") ¶ 10. The BSO is not incorporated in California and has no offices, employees, agents or licenses in California. May Dec. ¶¶ 3-8. As set forth in Point IV(B) below, the facts do not come close to meeting the very stringent standard for general jurisdiction, which requires contacts with the state that approximate physical presence. As a result, this action should be dismissed because the BSO is not generally subject to suit in California.

Plaintiff does not even attempt to allege specific jurisdiction in the Complaint because all relevant events occurred in Massachusetts. The contract was negotiated in Massachusetts, the "Visions of America" project that was the subject of the contract was promoted jointly by the parties in Massachusetts and the performances using the pictures and music at issue occurred in Massachusetts. Declaration of Ray F. Wellbaum, Orchestra Manager of the BSO ("Wellbaum Dec.") ¶¶ 7-11; 26-27; 30. In fact, Plaintiff sent the BSO a demand letter prior to instituting the action and attached a draft complaint, captioned for filing in the *District of Massachusetts*, stating that, "**a substantial part of the events, omissions and harm giving rise to Plaintiff's claims occurred within the District of Massachusetts.**" (Emphasis