UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4355 PA (AJWx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Visions of America, LLC v. Boston Symphony Orchestra, Inc. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Dismiss for Lack of Personal Jurisdiction, or Alternatively, to Dismiss for Improper Venue or Transfer Venue filed by defendant Boston Symphony Orchestra, Inc. ("Defendant") (Docket Nos. 26, 30).  Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds that this matter is appropriate for decision without oral argument.  The hearing calendared for October 28, 2013, is vacated, and the matter taken off calendar.

I.   Factual Background

Plaintiff Visions of America, LLC ("Plaintiff") commenced this action June 17, 2013.  The Complaint alleges that Plaintiff and Defendant entered into an agreement concerning the use of Plaintiff's photographs and a music score during the 2011-12 Boston Pops season.  The Complaint further alleges that this agreement was never committed to writing. (Complaint ¶ 38.)  Plaintiff alleges that pursuant to this oral agreement, the BSO agreed to pay for use of the materials.  The Complaint alleges the following causes of action: (1) Breach of Oral Contract; (2) Breach of Implied-In-Fact Contract; (3) Quantum Meruit; (4) Restitution/Unjust Enrichment; (5) Copyright Infringement; and (6) Trademark Infringement.

Defendant asserts that the parties' understanding is memorialized in a written document executed in June 2011.  Pursuant to the Agreement, Plaintiff permitted the BSO to use the artistic materials at issue in exchange for Plaintiff's ability to use its association with the BSO to try to promote Plaintiff's "Visions of America Marketing Platform."  Defendant further asserts that payment to Plaintiff was expected to come from sponsorship funds obtained by Plaintiff.

Plaintiff is a California limited liability company with its principal place of business in Oak View, California.  Joseph Sohm, a principal of Plaintiff, went to Massachusetts in June 2011 to present a business opportunity to Defendant.  Plaintiff owns the copyrights for Mr. Sohm's photographs and the trademark Visions of America.  Defendant is a Massachusetts non-profit entity with its principal place of business in Boston, Massachusetts, within the jurisdiction of the United States District Court for the District of Massachusetts.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4355 PA (AJWx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Visions of America, LLC v. Boston Symphony Orchestra, Inc. | | |

   In its Motion to Dismiss for Lack of Personal Jurisdiction or, Alternatively, to Dismiss for Improper Venue or Transfer Venue, Defendant contends that its revenue in California averaged less than one percent of its total revenue over the last three years and is insufficient to provide this Court with personal jurisdiction.  Additionally, Defendant argues that it is not fair or reasonable for it to defend this case in California and that the events giving rise to Plaintiff's claims occurred in Massachusetts.

II.  Legal Standard

   Although courts typically decide subject matter jurisdiction before personal jurisdiction, and personal jurisdiction before venue, the Supreme Court has ruled that courts possess the discretion to address questions of venue before resolving jurisdictional issues.  Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 588, 119 S. Ct. 1563, 1572, 143 L. Ed. 2d 760 (1999) (holding that when an "alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction"); Leroy v. Great Western United Corp., 443 U.S. 173, 180, 99 S. Ct. 2710, 2715, 67 L. Ed. 2d 464 (1979) (holding that "when there is a sound prudential justification for doing so, we conclude that a court may reverse the normal order of considering personal jurisdiction and venue").  Since Defendant's Motion raises significant venue issues, the Court will address venue before considering the other issues raised by the Motion.

   A.   Motion to Transfer

   Under 28 U.S.C § 1404(a), a court may transfer an action "to any other district where it might have been brought" "[f]or the convenience of parties and witnesses, [and] in the interest of justice."  A court may transfer venue in response to a motion by either party in the case, or upon its own motion.  See Muldoon v. Tropitone Furniture Co., 1 F.3d 964, 966 (9th Cir. 1993).  However, "a transfer is inappropriate when it merely serves to shift inconveniences from one party to the other."  Kahn v. Gen. Motors Corp., 889 F.2d 1078, 1083 (Fed. Cir. 1989).

   Transfer under 28 U.S.C. §1404(a) is only available to districts in which the case "might have been brought" initially.  Id.  Thus, the "transferee court" must have subject matter jurisdiction, venue must be proper, and the defendants must be subject to personal jurisdiction.  The § 1404 transfer analysis therefore has two steps: (1) Whether the district to which the moving party seeks to transfer meets the requirement of being one where the case "might have been brought"; and (2) if it does, would transfer serve the interest of the convenience of parties and witnesses, and the "interest of justice."

   1.   This Action Could Have Been Brought in the District of Massachusetts

   Plaintiff does not dispute that it could have commenced this action in the District of Massachusetts, where Defendant resides.  The Court therefore concludes that this action could have been brought in the District of Massachusetts.  See 28 U.S.C. § 1391(c).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4355 PA (AJWx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Visions of America, LLC v. Boston Symphony Orchestra, Inc. | | |

      2.      <u>The Interests of Convenience and Justice Are Served By Transfer</u>

      In analyzing the second prong of a transfer under § 1404, the Court may consider several factors to determine whether the convenience and interest of justice elements of § 1404(a) are met by the proposed transfer: (1) convenience to the parties and witnesses; (2) relative ease of access to evidence; (3) availability of compulsory process for attendance of unwilling witnesses; (4) plaintiff's choice of forum; and (5) administrative considerations.  <u>See</u> <u>Decker Coal Co. v Commonwealth Edison Co.</u>, 805 F.2d 834, 843 (9th Cir. 1986); <u>E. & J. Gallo Winery v. F. & P. S.P.A.</u>, 899 F. Supp. 465 (E.D. Cal. 1994).  The factors are each sub-categories of the three general factors listed in the text of section 1404(a) itself:  the convenience of parties, the convenience of witnesses, and the interest of justice.  The Court is to interpret these factors broadly, and to apply them to the particular facts of each individual case.  <u>See e.g.</u>, <u>id.</u> at 466.  There is a large number of factors that courts have considered in weighing the propriety of a § 1404(a) transfer, not all of which are particularly relevant here.  Thus, rather than discussing all possible influences on the Court's decision, the Court will focus only on those factors that are of significance in this case.

      a.      <u>Plaintiff's Choice of Forum</u>

      When considering a transfer, a court generally gives the plaintiff's choice of forum "great weight" and there must be a "strong showing of inconvenience" to upset that choice.  <u>Lou v. Belzberg</u>, 834 F.2d 730, 739 (9th Cir. 1987); <u>Decker Coal Co.</u>, 805 F.2d at 843.  Plaintiff's choice is given less weight, however, where the chosen forum lacks any significant contact with the activities alleged in the complaint.  According to the Ninth Circuit:

> Plaintiff's choice of forum, then, is not the final word.  In judging the weight to be given such a choice, as is the case with other types of actions, consideration must be given to the extent both of the defendant's business contacts with the chosen forum and of the plaintiff's contacts, including those relating to his cause of action.  If the operative facts have not occurred within the forum of original selection and that forum has no particular interest in the parties or the subject matter, the plaintiff's choice is entitled only to minimal consideration.

<u>Pac. Car & Foundry Co. v. Pence</u>, 403 F.2d 949, 954 (9th Cir. 1968) (footnote omitted); <u>see also</u> <u>Saleh v. Titan Corp.</u>, 361 F. Supp. 2d 1152, 1157 (S.D. Cal. 2005) ("[N]umerous courts have given less deference to the plaintiff's choice of forum where the action has little connection with the chosen forum.").

      Here, Defendant's business contacts with the chosen forum and plaintiff's contacts with the chosen forum relating to his cause of action are minimal.  Defendant is not incorporated in California and has no offices, employees, agents or licenses in California.  As demonstrated by Defendant's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4355 PA (AJWx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Visions of America, LLC v. Boston Symphony Orchestra, Inc. | | |

revenue over the last three years, revenue derived from California averaged just 0.97% of the Defendant's total revenue. Furthermore, the relevant events occurred in Massachusetts – the contract was negotiated in Massachusetts, the "Visions of America" project that was the subject of the contract was promoted jointly by the parties in Massachusetts and the performances using the pictures and music at issue occurred in Massachusetts.

Plaintiff argues that it is located in California, that Defendant takes its performing groups on tour through California, and that Defendant recruits California musicians and contracts with California based media companies to have its performances broadcast nationally. However, Plaintiff does not dispute that all of the negotiations relating to the contract at issue, whether oral or written, occurred in Massachusetts. In addition, Plaintiff admits that the performances at issue took place in Massachusetts. Plaintiff has not provided any information that would justify a finding that a substantial part of the events giving rise to the claims occurred in this district. It does not appear that the operative facts occurred within this forum. The Court therefore concludes that Plaintiff's choice of forum is entitled to minimal consideration.

b.      Convenience to the Parties

Plaintiff's principal place of business is located in California, while Defendant resides in the District of Massachusetts. Even though this district may be more convenient for Plaintiff, the District of Massachusetts would be a more convenient forum for Defendant. Additionally, the contract negotiations took place in Massachusetts, and the documentary evidence related to this contract dispute is likely located in Massachusetts. Based on these considerations, the Court concludes that the convenience to the parties factor weighs slightly in favor of transfer.

c.      Convenience to the Witnesses

"The convenience of witnesses is often the most important factor considered by the court when deciding a motion to transfer for convenience." Kannar v. Alticor, Inc., 2009 U.S. Dist. LEXIS 35091 at *4 (N.D. Cal. April 4, 2009) (internal citation omitted). Further, "[i]n balancing the convenience of the witnesses, primary consideration is given to third part[ies], as opposed to employee witnesses." Id.; Brandon Apparel Group, Inc. v. Quitman Mfg. Co. Inc., 42 F. Supp. 2d 821, 834 (N.D. Ill. 1999) ("The determination of whether a particular venue is more convenient for the witnesses should not turn on which party produces a longer witness list. Rather, the court must look to the nature and quality of the witnesses' testimony with respect to the issues of the case.") (internal citation omitted).

Here, Plaintiff has not identified any non-party witnesses located within the Central District, but Defendant indicates that its witnesses are located in Massachusetts. For example, David Rich signed the Agreement on behalf of the George P. Johnson Company, who was responsible for securing corporate sponsorship. Mr. Rich lives in Massachusetts and is located in the Boston office of the George P. Johnson Company. Vinnie Sestito, of Experience Partners, Inc., attended the June 3, 2011 meeting

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4355 PA (AJWx) | Date | October 28, 2013 |
|---|---|---|---|
| Title | Visions of America, LLC v. Boston Symphony Orchestra, Inc. | | |

where the Agreement was negotiated and worked for Mr. Sohm throughout the project.  Mr. Sestito's office is located in Massachusetts.  In addition, Defendant expects a number of employees or former employees will be called, all of whom are located in Massachusetts.  Furthermore, many of the documents in this case, including revenue from the concerts, advertisement and promotion, and email communications, will come from Defendant's offices in Boston.

Having weighed the evidence provided by the parties, the Court concludes that this factor weighs in favor of transfer.

### d.    Interests of Justice

The final factor in the § 1404 analysis has been called a "catch-all" for various arguments.  See 17 James Wm. Moore, Moore's Federal Practice § 111.13[1][n], at 111-90 (3d ed. 2004).  "Consideration of the interest of justice, which includes judicial economy, 'may be determinative to a particular transfer motion, even if the convenience of the parties and witnesses might call for a different result.'"  Regents of the Univ. of Cal. v. Eli Lilly & Co., 119 F.3d 1559, 1565 (Fed. Cir. 1997) (quoting Coffey v. Van Dorn Iron Works, 796 F.2d 217, 220–21 (7th Cir. 1986)).  Both the Central District of California and the District of Massachusetts have experience involving the litigation of breach of contract, copyright infringement, and trademark infringement actions and a substantially equivalent level of experience with the relevant federal law.

Defendant argues that the Central District of California has a more congested docket and therefore judicial economy favors transferring this case to Massachusetts.  Additionally, Defendant argues that Massachusetts law applies to this contract dispute.  Plaintiff has not disputed either of these facts.  Plaintiff's filing of an action against Defendant in a forum thousands of miles from where Defendant resides and that has little or no connection to the events at issue, raises the potential that Plaintiff chose an inconvenient forum to unfairly increase Defendant's costs and obtain an advantage in this litigation.  The interests of justice therefore weigh in favor of transfer to the District of Massachusetts.

### Conclusion

For the foregoing reasons, the Court grants Defendant's Motion, in the Alternative, to Transfer to the District of Massachusetts.  As a result of the Court's ruling on the Motion to Transfer, the Court need not address the issues raised by Defendant's Motion to Dismiss for Lack of Personal Jurisdiction.  Since the Court's decision is based solely on the Motion to Transfer, it denies Plaintiff's request to conduct discovery related to the exercise of personal jurisdiction over Defendant in this District.  The Clerk is ordered to transfer this action to the District of Massachusetts for the convenience of the parties and witnesses and in the interest of justice.  See 28 U.S.C. § 1404.

IT IS SO ORDERED.